IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bernice Williams, *et al.*, | : | |
| Plaintiffs | : | Case No. 2:09-cv-00688 |
| v. | : | Judge Marbley |
| The City of Columbus, *et al.*, | : | Magistrate Judge Abel |
| Defendant | : | |

## Initial Screening Report and Recommendation

Plaintiffs bring this civil rights action under 42 U.S.C. §1983. Plaintiff Bernice Williams's request to proceed *in forma pauperis* is GRANTED. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915A(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.

The complaint alleges that defendants conspired to falsely accuse two of plaintiff Bernice Williams' sons of crimes. Plaintiff Bernice Williams previously brought these same claims against defendants in *Bernice Williams, et al., v. City of Columbus, et al.*, 2:09-cv-319. The complaint and amended complaint were dismissed on initial screening for failure to state a claim.

Res judicata.  Any claims a litigant could have litigated against a party in a prior lawsuit are barred from being raised in a second lawsuit involving the same party. *Rivers v. Barberton Board of Education,* 143 F.3d 1029, 1032 (6th Cir. 1998); *J.Z.G. Resources, Inc. v. Shelby Insurance Company,* 84 F.3d 211, 214 (6th Cir. 1996); *Osborn v. Ashland County Board of Education,* 979 F.2d 1131, 1133-34 (6th Cir. 1992).  All the claims plaintiff Williams seeks to raise here were raised or could have been raised in *Bernice Williams, et al., v. City of Columbus, et al.,* 2:09-cv-319.  Consequently, the claims here are barred by *res judicata.*

Failure to state a claim.  Alternatively, the complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." as required by Rule 8(a)(2), Fed. R. Civ. P. The complaint fails to give defendants notice of plaintiff's claims against them. Indeed, it is not possible to determine exactly what she believes each defendant did to deprive her of her rights. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims

unlikely or improbable. *Denton*, 504 U.S. at 33. Here, the complaint is legally frivolous.

<u>Bar by statute of limitations</u>. All of the actionable events alleged in the complaint took place between 1991 and 1998. The statute of limitations under 42 U.S.C. § 1983 for actions brought arising out of events that occurred in Ohio is two years. Ohio Revised Code §2305.10. *Browning v. Pendleton,* 869 F. 2d 989, 990 (6th Cir. 1989)(*en banc*). Thus, plaintiff's claims are barred by the statute of limitations.

IT IS FURTHER ORDERED that the United States Marshal serve upon each defendant named in complaint a summons, a copy of the complaint, and a copy of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Columbus City Attorney.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

                                                        s/Mark R. Abel  
                                                        United States Magistrate Judge